# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF TEXAS
### DALLAS DIVISION

| | | |
|---|---|---|
| **CENTURIA, INC.,** | § | |
| **Plaintiff** | § | |
| | § | |
| **vs.** | § | **CAUSE NO. 3:11-cv-02500-N** |
| | § | |
| **REGIMENT SECURITY, LLC and** | § | |
| **ADAM HAMON, INDIVIDUALLY,** | § | |
| **Defendants** | § | |

## DEFENDANTS' ORIGINAL ANSWER

COME NOW, REGIMENT SECURITY, LLC and ADAM HAMON, INDIVIDUALLY, Defendants, and file this their Original Answer, and would respectfully show unto the Court as follows:

1.    Defendants deny and object to the discovery plan requested by Plaintiff and request that this Court adopt a discovery plan in accordance with applicable local and Federal rules.

2.    Defendants have no facts or evidence to admit or deny paragraph 3 of Plaintiff's Original Petition.

3.    Defendants admit 4 of Plaintiff's Original Petition.

4.    Defendants admit 5 of Plaintiff's Original Petition

5.    Defendants would show that both the 162nd Judicial District Court of Dallas County, Texas and this Court have jurisdiction over the parties and this matter; however, the removal by Defendants to this Court preempts the jurisdiction of the 162nd Judicial District Court.

6.      Defendants would show that both the 162nd Judicial District Court of Dallas County, Texas and this Court have jurisdiction over the parties and this matter; however, the removal by Defendants to this Court preempts the jurisdiction of the 162nd Judicial District Court.

7.      Defendants would show that both the 162nd Judicial District Court of Dallas County, Texas and this Court have jurisdiction over the parties and this matter; however, the removal by Defendants to this Court preempts the jurisdiction of the 162nd Judicial District Court..

8.      Defendants would show that venue is appropriate in both the 162nd Judicial District Court of Dallas County, Texas and this Court; however, the removal by Defendants to this Court preempts the jurisdiction and venue of the 162nd Judicial District Court.

9.      Defendants would show that the factual summary of the various written agreements between the parties omits significant details and terms; Defendants would show that reference to the written documents is necessary to appropriately detail the terms and conditions thereof.

10.      Defendants deny that they, or either of them, committed any acts in breach of the agreements.   Instead, Defendants would show that Plaintiff breached several terms and conditions of the agreements and is liable to Defendants for breach of contract, fraudulent inducement, fraud, tortious interference with prospective contracts, and negligent misrepresentation in amounts which wholly offset and exceed any possible damages asserted by Plaintiff (which damages and any liability for which are expressly denied by Defendants).

11.     Defendants deny that they terminated the agreements between the parties and would instead show that Plaintiff's representative(s) contacted Defendants via text message and terminated the agreements without cause.

12.     Defendants deny the facts asserted by Plaintiff with respect to the Xavier Project and would show that Plaintiff, by its inept and unprofessional conduct, caused the Xavier Project client to abandon the proposed engagement.

13.     Defendants deny the allegation set forth in paragraph 13 of Plaintiff's Original Petition and would show that all proposals, communications, and prospective opportunities for the Xavier Project were timely and fully communicated to Plaintiff.

14.     Defendants deny the allegation set forth in paragraph 14 of Plaintiff's Original Petition and would show that all proposals, communications, and prospective opportunities for all potential projects were timely and fully communicated to Plaintiff.

15.     Defendants deny the allegation set forth in paragraph 15 of Plaintiff's Original Petition with respect to any allegation that Defendant terminated the agreements between the parties.  Defendants further deny unlawful or actionable retention of any property belonging to Plaintiff.

16.     Defendants admit that the agreements contain certain provisions pertaining to non-disclosure and non-competition; however, Defendants would show that (a) Defendants have not violated and are not violating the terms of such provisions (which does not constitute an admission that same are enforceable), and (b) Plaintiff is estopped to enforce the provisions thereof due to Plaintiff's breach of contract and fraudulent conduct inducing the execution of such agreements, and (c) the provisions are not enforceable as written.

17.     No response is required to paragraph 17 of Plaintiff's Original Petition.

18.     Defendants admit the execution of the agreements identified in paragraph 18 of Plaintiff's Original Petition; Defendants reserve the right, however to compare executed versions in Defendants' possession to those alleged by Plaintiff to be true and correct copies of said agreements.

19.     Defendants deny that Plaintiff fulfilled its obligations under such agreements and deny that Defendants committed any acts constituting a breach of contract.

20.     Defendants deny that Plaintiff incurred any damages; Defendants deny that Plaintiff incurred any damages as a result of Defendant's conduct.

21.     Defendants deny that all conditions precedent to Plaintiff's assertion or recovery upon claims asserted against Defendants have occurred or been performed.

22.     No response is required to paragraph 22 of Plaintiff's Original Petition.

23.     Defendants admit the execution of the agreements identified in paragraph 23 of Plaintiff's Original Petition; Defendants reserve the right, however to compare executed versions in Defendants' possession to those alleged by Plaintiff to be true and correct copies of said agreements.

24.     Defendants deny that Plaintiff fulfilled its obligations under such agreements and deny that Defendants committed any acts constituting a breach of contract.

25.     Defendants deny that Plaintiff incurred any damages; Defendants deny that Plaintiff incurred any damages as a result of Defendant's conduct.

26.     Defendants deny that all conditions precedent to Plaintiff's assertion or recovery upon claims asserted against Defendants have occurred or been performed.

27.     No response is required to paragraph 27 of Plaintiff's Original Petition.

28.     Defendants deny that any implied duty exists or is otherwise imposed by law; Plaintiff and Defendants owed duties to one another as expressly set forth in the agreements.

29.     Defendants deny the allegations set forth in paragraph 29 of Plaintiff's Original Petiton and would further show that all proposals, communications, and prospective opportunities for all potential projects including, without limitation, the Xavier Project were timely and fully communicated to Plaintiff.

30.     Defendants deny the allegations of malicious and intentional conduct; and, further deny that Plaintiff is entitled to the recovery of exemplary damages.

31.     Defendants deny that Plaintiff has demonstrated any facts, circumstances, reasonable expectation of irreparable harm, or other factual and procedural prerequisites necessary to request or be granted any injunctive relief.   Pleading more specifically, Defendants specifically deny that Defendants are using or disclosing Plaintiff's confidential information; and, specifically deny that Defendants are soliciting or attempting to do business with clients, business associates, employees, contractors, prospects, or agents that were disclosed by Plaintiff to Defendants.   As stated above, Defendants deny that they have taken any action in violation of the terms and conditions of the non-disclosure and/or non-compete covenants.   Further, as stated above, Plaintiff is estopped to enforce the provisions thereof due to Plaintiff's breach of contract and fraudulent conduct inducing the execution of such agreements; and, the non-disclosure and non-compete provisions are not enforceable as written.

32.     Defendants deny that the Texas Civil Practice & Remedies Code and Texas Rules of Civil Procedure are applicable after removal.   Defendants deny that Plaintiff has demonstrated any facts, circumstances, reasonable expectation of irreparable harm, or other factual and procedural prerequisites necessary to request or be granted any injunctive relief.   Pleading more

specifically, Defendants specifically deny that Defendants are using or disclosing Plaintiff's confidential information; and, specifically deny that Defendants are soliciting or attempting to do business with clients, business associates, employees, contractors, prospects, or agents that were disclosed by Plaintiff to Defendants.  As stated above, Defendants deny that they have taken any action in violation of the terms and conditions of the non-disclosure and/or non-compete covenants.  Further, as stated above, Plaintiff is estopped to enforce the provisions thereof due to Plaintiff's breach of contract and fraudulent conduct inducing the execution of such agreements; and, the non-disclosure and non-compete provisions are not enforceable as written.

33.     Defendants deny the allegations set forth in paragraph 33 of Plaintiff's Original Petition and hereby incorporate paragraph 31 of Defendants' Original Answer.

34.     Defendants deny the broad, unsupported, statement of law and policy asserted in paragraph 34 of Plaintiff's Original Petition.

35.     Defendants admit only the stated legal requirements for a temporary restraining order and would show that such requirements, when read in conjunction with the pleadings in this case, reflect that Plaintiff is not entitled to injunctive relief and is especially not entitled to a temporary restraining order.

36.     Defendants deny the allegations set forth in paragraph 36 of Plaintiff's Original Petition.

37.     Defendants deny the allegations set forth in paragraph 37 of Plaintiff's Original Petition.

38.     Defendants deny the allegations set forth in paragraph 38 of Plaintiff's Original Petition.

39.     Defendants deny the allegations set forth in paragraph 39 of Plaintiff's Original Petition.

40.     Defendants deny the allegations set forth in paragraph 40 of Plaintiff's Original Petition.

41.     Defendants deny the allegations set forth in paragraph 41 of Plaintiff's Original Petition.

42.     Defendants do not deny the general summary of theft of trade secret case law, but deny that Defendants committed any act that could be seen or alleged as theft of trade secrets.

43.     Defendants deny that Plaintiff has demonstrated any facts, circumstances, reasonable expectation of irreparable harm, or other factual and procedural prerequisites necessary to request or be granted any injunctive relief.   Pleading more specifically, Defendants specifically deny that Defendants are using or disclosing Plaintiff's confidential information; and, specifically deny that Defendants are soliciting or attempting to do business with clients, business associates, employees, contractors, prospects, or agents that were disclosed by Plaintiff to Defendants.  As stated above, Defendants deny that they have taken any action in violation of the terms and conditions of the non-disclosure and/or non-compete covenants.  Further, as stated above, Plaintiff is estopped to enforce the provisions thereof due to Plaintiff's breach of contract and fraudulent conduct inducing the execution of such agreements; and, the non-disclosure and non-compete provisions are not enforceable as written.

44.     No response is required to paragraph 44 of Plaintiff's Original Petition.

45.     Defendants deny that Plaintiff is entitled to the recovery of attorneys' fees.

46.     Defendants deny that all conditions precedent to Plaintiff's assertion or recovery upon claims asserted against Defendants have occurred or been performed.

47.     Defendants do not request a jury trial.

48.     Defendants incorporate its denials and factual recitations set forth above and therefore deny that Plaintiff is entitled to the recovery set forth in paragraph 48 of Plaintiff's Original Petition.

WHEREFORE, REGIMENT SECURITY, LLC and ADAM HAMON, Defendants and Counter Plaintiffs, request that this Court deny all relief requested by Centuria, Inc. and grant judgment to Defendants/Counter-Plaintiffs, together with Court costs and such other and further relief to which it may show itself to be justly entitled.   FURTHERMORE, Defendants, as Counter-Plaintiffs, requests that the Court grant judgment in favor of Counter-Plaintiffs and against Plaintiff/Counter-Defendant as prayed for in Defendants'/Counter-Plaintiffs' counterclaim.

Respectfully submitted,

SMITH & DAVIS, PLLC

/s/ *William A. Smith*

By: _____
           William A. Smith
           State Bar No.  18701600
           Thomas L. Davis
           State Bar No. 05549300
10440 N. Central Expressway,
Suite 1295
Dallas, Texas 75231
(214) 969-0219
(214) 265-1802 Facsimile
Attorneys for Defendants/Counter-
Plaintiffs

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of this document has been delivered (_____) via certified mail / (_xxx_) via facsimile, to all counsel on record, at the addresses, or facsimile numbers, set forth below, on this 11th day of October, 2011.

Darin Klemchuk,
Klemchuk Kubasta LLP
8150 N. Central Expy, 10th Floor
Dallas, Texas, 75206
Fax No. 214-367-6001

/s/ *William A. Smith*

_____

William A. Smith