IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CENTURIA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:11-CV-2500-N |
| | § | |
| REGIMENT SECURITY, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

**PLAINTIFF AND COUNTERCLAIM-DEFENDANT CENTURIA, INC.'S
MOTION TO DISMISS DEFENDANTS' FRAUD AND FRAUDULENT
INDUCEMENT AND TORTIOUS INTERFERENCE COUNTERCLAIMS AND BRIEF IN SUPPORT**

Plaintiff and Counterclaim-Defendant Centuria, Inc. ("Centuria"), pursuant to Rules 8, 9(b), and 12(b)(6) of the Federal Rules of Civil Procedure, moves the Court to dismiss certain counterclaims of Defendants Regiment Security, LLC ("Regiment") and Adam Hamon ("Hamon") (collectively, "Defendants") and respectfully shows the Court as follows.

**I. INTRODUCTION**

Centuria filed its Original Petition on September 6, 2011 in the 162nd District Court in Dallas County, Texas alleging breach of contract and breach of fiduciary duty and seeking a temporary restraining order and temporary injunction. Defendants filed their Notice of Removal to this Court on September 23, 2011. On October 11, 2011, Defendants filed a counterclaim and asserted four claims against Centuria—(i) breach of contract, (ii) fraud and fraudulent inducement, (iii) negligent misrepresentation, and (iv) tortious interference with prospective relations. Defendants' fraud and fraudulent inducement and tortious interference counterclaims against Centuria must be dismissed pursuant to Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6)

because Defendants have failed to allege any factual basis for their claims, have failed to plead their claims with particularity, and failed to state any claim upon which relief can be granted.

## II. SUMMARY OF FACTUAL ALLEGATIONS

A. Facts Alleged Relating to Tortious Interference with Prospective Relations

Defendants provide the following allegations for their tortious interference with prospective relations claim:

"Regiment/Hamon would show that Regiment and Hamon had economic relationships with numerous prospective clients including, without limitations, the Xavier Project client, which prospective client relationships were known to or suspected by Centuria, and which prospective client relationships were knowingly and intentionally interfered with by Centuria resulting in economic harm to Regiment/Hamon." Counterclaim ¶15. Defendants also state: "Centuria excluded Regiment/Hamon from negotiations with the Xavier Project client and attempted to secure such account for its own benefit, and to the exclusion of Regiment/Hamon." Counterclaim ¶9. Defendants continue by alleging "due to Centuria's ineptitude in the active security business, its exclusion of Regiment/Hamom [sic] resulted in the client terminating the engagement." *Id.* Defendants also allege that "[t]he Xavier Project client cancelled the engagement due solely to the incompetence and other unreasonable conduct of Centuria." *Id.* at ¶10.

B. Facts Alleged Relating to Fraud/Fraudulent Inducement

Defendants provide the following allegations for their fraud and fraudulent inducement claim:

"Regiment/Hamon would show that Centuria knowingly and intentionally misrepresented material information to Regiment/Hamon, as alleged above, as an inducement to cause, and

which did so cause, Regiment/Hamon to decide to enter into the Agreements (and for Hamon to pursue his efforts to secure Stone Security for Centuria) in reasonable reliance upon the truth of the misrepresentations, which has resulted in economic harm to Regiment/Hamon." Counterclaim ¶13. Defendants state that Centuria induced an assignment because it promised to pay a bonus to Hamon, but then reneged on its promise to pay a bonus and instead asked that such bonus be applied to expenses for an office space. *Id.* at ¶11. Defendants allege that Hamon "reluctantly agreed to the diversion of his bonus" even though the Agreements between the parties placed that obligation on Centuria, and that Centuria failed to lease, furnish, staff and operate an office and "therefore converted to its own use and benefit the bonus promised to Hamon." *Id.*

### III. ARGUMENT

A.  Legal Standards

The Federal Rules of Civil Procedure require that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief," Fed. R. Civ. P. 8(a)(2), and that each averment be "concise and direct." Fed. R. Civ. P. 8(e)(1). "[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 883 (2009) (citing *Twombly*, 550 U.S. at 555).

A court may dismiss a claim if a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). In *Bell Atlantic Corporation v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929, (2007), the Supreme Court stated that to withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d

368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

To be facially plausible, "[a] claim [must have] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 874 (citing *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557). To withstand a Rule 12(b)(6) motion, a "complaint must allege 'more than labels and conclusions,'" and "'a formulaic recitation of the elements of a cause of action will not do.'" *Norris v. Hearst Trust*, 500 F.3d 454, 464 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555); *see also Iqbal*, 556 U.S. at 883 (quoting *Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Iqbal*, 556 U.S. at 883-884 (alteration in original) (quoting *Twombly*, 550 U.S. at 557).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint…must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Sullivan*, 503 F.3d 397, 401 (5th Cir. 2007) (footnote omitted) (quoting *Twombly*, 550 U.S. at 555). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier*, 503 F.3d at 401 (quoting *Twombly*, 550 U.S. at 558). This judicial district has held that when allegations are insufficient to rise a right to relief above a speculative level, dismissal is appropriate under both Rule 8(a) and 12(b)(6). *Fajardo-Espinosa v. Parkland Hosp.*, No. 3:09-CV-540-O ECF, 2011 WL 227652, at *6 (N.D. Tex., March 16, 2010).

B.   Defendants' Tortious Interference Claim Should be Dismissed

Defendants plead that they had "economic relationships with numerous prospective clients including, without limitation, the Xavier Project client, which prospective client relationships were known to or suspected by Centuria, and which prospective client relationships were knowingly and intentionally interfered with by Centuria." Counterclaim ¶15.  At a minimum, Defendants fail to allege that any conduct by Centuria was independently tortious or unlawful.  *Wal-Mart Stores v. Sturges*, 52 S.W.3d 711, 726 (Tex. 2001).

The pleading of this cause of action by Defendants does not comply with the requirements of Rule 8 in that it does not provide Centuria with fair notice that will enable it to answer and prepare for trial.  *See Iqbal*, 556 U.S. at 881.  Defendants' pleading is nothing more than an unadorned accusation, and it should be dismissed based on Rule 8 alone.  *Id.* For example, Defendants fail to provide the "numerous" client relationships that Defendants allege Centuria interfered with.

Furthermore, Defendants have failed to plead facts in support of the required elements of a tortious interference claim, and its claim should also be dismissed under Rule 12(b)(6).  If Defendants intend to prove a claim for tortious interference with prospective business relations, Defendants are required to prove the following elements:  (1) a reasonable probability that the plaintiff would have entered into a contractual relationship; (2) an intentional or malicious act by the defendant that prevented the relationship form occurring with the purpose of harming the plaintiff; (3) lack of privilege or justification for the act; and (4) actual harm or damage incurred as a result of the defendant's interference.  *Ash v. Hack Branch Distrib. Co.*, 54 S.W.3d 401, 413-14 (Tex. App.–Waco, pet. denied).  Beyond merely reciting the elements, Defendants do not allege

specific facts to support any of these elements, and wholly fail to allege any independently tortious act by Centuria. Simply stated, allegations of Centuria's "incompetence" and "ineptitude" will not survive the standard on a motion to dismiss illustrated above.

To prove an action for tortious interference with prospective business relations, the plaintiff must establish the defendant's conduct was independently tortious or unlawful. *Wal-Mart*, 52 S.W.3d at 726. "Independently tortious" means the defendant's conduct would be actionable under a recognized tort. *Id.* Conduct that is merely unethical or unfair is not actionable. *Allied Capital Corp. v. Cravens*, 67 S.W.3d 486, 492 (Tex. App.—Corpus Christi 2002, no pet.) (finding that while defendant's conduct may have been unfair, it was not actionable). Defendants have not alleged any conduct by Centuria that would be an independent tort. Merely alleging ineptitude is not enough and fails to plead an independent tort committed in furtherance of the alleged interference by Centuria.

Defendants' pleading consists of mere conclusory allegations, not specific facts, and this Court has held that mere "formulaic recitation of the elements of a cause of action" will not suffice to survive a motion to dismiss under Rule 12(b)(6). *Hamilton v. First American Title Co.*, 612 F. Supp. 2d 743 (N.D. Tex. 2009). Defendants do nothing more than provide the type of generalized accusations that are intended to be dismissed under this Rule. With conclusory statements and unsupported legal standard recitations couched as facts, Defendants have merely set forth the possibility that Centuria acted unlawfully, without any details demonstrating a plausible right to relief. Accordingly, Defendants' counterclaim for tortious interference with prospective relations should be dismissed.

MOTION TO DISMISS DEFENDANTS' FRAUD AND FRAUDULENT
INDUCEMENT AND TORTIOUS INTERFERENCE COUNTERCLAIMS AND BRIEF IN SUPPORT     Page 6

B.    Defendants' Fraud/Fraudulent Inducement Claim Should be Dismissed

Defendants plead that "Centuria knowingly and intentionally misrepresented material information" to Defendants as an inducement to cause, and which did so cause, Defendants to "decide to enter into the Agreements (and for Hamon to pursue his efforts to secure Stone Security for Centuria) in reasonable reliance upon the truth of the misrepresentations", which has resulted in economic harm to Defendants. Counterclaim ¶13.

The elements of a cause of action for common-law fraud are the following:

(1) the defendant made a representation to the plaintiff; (2) the representation was material; (3) the representation was false; (4) when the defendant made the representation, the defendant knew the representation was false or made the representation recklessly as a positive assertion and without knowledge of its truth; (5) the defendant made the representation with the intent that the plaintiff act on it; (6) the plaintiff relied on the representation; and (7) the representation caused the plaintiff injury. *In re Int'l Profit Assocs.*, 274 S.W.3d 672, 678 (Tex. 2009). At no point in the Counterclaim do Defendants provide any facts alleging that Centuria made any representation with knowledge that it was false or without intent to perform at the time the promise was made. Merely alleging that something was "knowingly and intentionally misrepresented" does not satisfy the 12(b)(6) standard and constitute nothing more than generalized accusations, which should not survive this challenge.

Fed. R. Civ. P. 9(b) requires that a party "state with particularity the circumstances constituting fraud ...," Fed. R. Civ. P. 9(b). A plaintiff must plead the "time, place and contents of the false representations, as well as the identity of the person making the representations and what [that person] obtained thereby." *Williams v. .WMX Technologies, Inc.*, 112 F.3d 175, 177 (5th Cir,

1997) (quoting *Tuchman v. DSC Communications Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)). Rule 9(b) requires that the pleading include the "who, what, when, where, and how" of the alleged fraudulent statement, *Williams*, 112 F.3d at 179 (quoting *Melder v. Morris*, 27 F.3d 1097, 1100 n. 5 (5th Cir. 1994)). Pleading scienter requires "more than a simple allegation that a defendant had fraudulent intent"; the pleading must "set forth specific facts that support an inference of fraud." *Lovelace v. Software Spectrum, Inc.*, 78 F.3d 1015, 1018 (5th Cir.1996) (citing *Tuchman*, 14 F.3d at 1068). The failure to plead with particularity in accordance with Rule 9(b) warrants a Rule 12(b)(6) dismissal for failure to state a claim. *U.S. ex rel. Grubbs v. Kanneganti*, 565 F.3d 180, 185 n. 8 (5th Cir. 2009). Defendants have not plead any specific facts supporting an inference of fraud. Rather, it appears that Defendants have taken a thin breach of contract claim and tried to craft it into a fraud claim through the bald and unsupported allegation that Centuria "knowingly and intentionally misrepresented" information. There is absolutely no showing by Defendants that Centuria made any representation with knowledge that they were false at the time made. Further, there is absolutely no showing by Defendants of any particularized facts that Centuria had fraudulent intent. For these reasons, the Court should dismiss Defendants' counterclaim for fraud and fraudulent inducement.

## IV. CONCLUSION

For the reasons stated above, Plaintiff Centuria, Inc. respectfully requests that the Court dismiss Defendants' counterclaims for tortious interference with prospective relations and fraud and fraudulent inducement with prejudice.

Dated: November 1, 2011.                                    Respectfully submitted,

                                                     By: /s/Darin M. Klemchuk
                                                      Darin M. Klemchuk
                                                      State Bar No. 24002418
                                                      Katherine B. Bandy
                                                      State Bar No. 24045445

                                                      KLEMCHUK KUBASTA LLP
                                                      8150 N. Central Expressway, 10th Floor
                                                      Dallas, Texas 75206
                                                      214.367.6000
                                                      214.367.6001 (facsimile)
                                                      darin.klemchuk@kk-llp.com
                                                      jim.davis@kk-llp.com
                                                      katherine.bandy@kk-llp.com
                                                      docketing_kkllp@me.com

                                                      ATTORNEYS FOR CENTURIA, INC.

CERTIFICATE OF SERVICE

I hereby certify that I have on November 1, 2011, electronically filed the foregoing with the Clerk of court using CM/ECF system, which will send notification of such filing to the following person(s) via email:

William A. Smith
SMITH & DAVIS, PLLC
10440 N. Central Expressway
Suite 1295
Dallas, Texas 75231

ATTORNEY FOR DEFENDANTS


                                                      /s/Darin M. Klemchuk
                                                      Darin M. Klemchuk

PLAINTIFF AND COUNTERCLAIM-DEFENDANT CENTURIA, INC.'S
MOTION TO DISMISS DEFENDANTS' FRAUD AND FRAUDULENT
INDUCEMENT AND TORTIOUS INTERFERENCE COUNTERCLAIMS AND BRIEF IN SUPPORT        Page 9