IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CENTURIA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:11-CV-2500-N |
| | § | |
| REGIMENT SECURITY, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

PLAINTIFF AND COUNTERCLAIM-DEFENDANT
CENTURIA, INC.'S ANSWER TO DEFENDANTS' ORIGINAL COUNTERCLAIM

Plaintiff and Counterclaim-Defendant Centuria, Inc. ("Centuria") pursuant to Rule 12(a)(1)(B) of the Federal Rules of Civil Procedure, files this answer to Defendants' Original Counterclaim ("Counterclaim").

Pursuant to Rule 8(b) of the Federal Rules of Civil Procedure, Centuria responds, as follows, to the factual allegations of the Counterclaim:

1. Centuria admits the allegations in Paragraph 1 of the Counterclaim.

2. Centuria states that Paragraph 2 of the Counterclaim consists of definitions to which a response is not required. However, Centuria admits that in March 2011, Defendants contracted with Centuria in essence to transfer the security services accounts of Regiment to Centuria, and that Defendants executed a consulting agreement, non-competition agreement, and non-solicitation agreement with Centuria as part of the overall transaction. Centuria denies the remaining allegations of Paragraph 2 of the Counterclaim.

3. Centuria lacks sufficient knowledge or information to admit or deny the allegations in Paragraph 3 of the Counterclaim and therefore denies same.

4. Centuria admits the first sentence of Paragraph 4 of the Counterclaim. Centuria denies the remaining allegations in Paragraph 4 of the Counterclaim.

5. Centuria denies the allegations in Paragraph 5 of the Counterclaim.

6. Centuria denies the allegations in Paragraph 6 of the Counterclaim.

7. Centuria denies the allegations in Paragraph 7 of the Counterclaim.

8. Centuria denies the allegations in Paragraph 8 of the Counterclaim.

9. Centuria denies the allegations in Paragraph 9 of the Counterclaim.

10. Centuria denies the allegations in Paragraph 10 of the Counterclaim.

11. Centuria denies the allegations in Paragraph 11 of the Counterclaim.

12. Centuria denies the allegations in Paragraph 12 of the Counterclaim.

13. Centuria denies the allegations in Paragraph 13 of the Counterclaim.

14. Centuria denies the allegations in Paragraph 14 of the Counterclaim.

15. Centuria denies the allegations in Paragraph 15 of the Counterclaim.

Centuria denies that Defendants are entitled to the relief requested in the Counterclaim.

## JURY DEMAND

Centuria hereby demands a trial by jury of all issues so triable in this action.

## AFFIRMATIVE DEFENSES

Pursuant to Rule 8(c) of the Federal Rules Of Civil Procedure, Centuria asserts the following affirmative defenses to the claims contained in the Counterclaim:

1. Defendants' counterclaims against Centuria are barred for failure to state a claim upon which relief can be granted.

2. Defendants' counterclaims are barred by Defendants' unclean hands.

3. Defendants' counterclaims are barred because Defendants cannot show that they suffered any damages as a result of any misconduct by Centuria.

4. Defendants' counterclaims are barred by estoppel and waiver.

5. Defendants' counterclaims are barred by a failure of consideration.

6. Defendants' counterclaims are barred by justification and excuse.

7. In the alternative, Defendants' counterclaims are barred because any damage that may have been suffered by Defendants was caused by its own misconduct.

8. Defendants' counterclaims are barred by their failure to mitigate damages, if any.

Centuria reserves the right to supplement these Affirmative Defenses, if necessary, in the event future discovery in this action uncovers grounds to support such supplementation.

## PRAYER

WHEREFORE, Plaintiff and Counterclaim-Defendant Centuria, Inc. respectfully requests the Court dismiss Defendants' Counterclaim with prejudice, or enter judgment in Centuria's favor and against Defendants on Defendants' Counterclaim, that the Court award Centuria its reasonable costs, including attorneys' fees, and for such other and further relief as the Court may deem just and proper.

Dated: November 1, 2011.                                    Respectfully submitted,


                                                            By: /s/Darin M. Klemchuk
                                                                Darin M. Klemchuk
                                                                State Bar No. 24002418
                                                                Katherine B. Bandy
                                                                State Bar No. 24045445

                                                                KLEMCHUK KUBASTA LLP
                                                                8150 N. Central Expressway, 10th Floor
                                                                Dallas, Texas 75206
                                                                214.367.6000
                                                                214.367.6001 (facsimile)
                                                                darin.klemchuk@kk-llp.com
                                                                jim.davis@kk-llp.com
                                                                katherine.bandy@kk-llp.com
                                                                docketing_kkllp@me.com

                                                                ATTORNEYS FOR CENTURIA, INC.


CERTIFICATE OF SERVICE

I hereby certify that I have on November 1, 2011, electronically filed the foregoing with the Clerk of court using CM/ECF system, which will send notification of such filing to the following person(s) via email:


William A. Smith
SMITH & DAVIS, PLLC
10440 N. Central Expressway
Suite 1295
Dallas, Texas 75231

ATTORNEY FOR DEFENDANTS



                                                                /s/Darin M. Klemchuk
                                                                Darin M. Klemchuk