IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CENTURIA, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CASE NO. 3:11-CV-2500-N |
| | § | |
| REGIMENT SECURITY, LLC, ET AL., | § | |
| | § | |
| Defendants. | § | |

JOINT RULE 26(F) REPORT

In accordance with the Court's Order Requiring Status and Scheduling Conference that was entered on October 19, 2011 (Doc. No. 8), Fed. R. Civ. P. 16(b), and Rule 26, Plaintiff Centuria, Inc. and Defendants Regiment Security, LLC and Adam Hamon file the following Joint Rule 26(f) Report as follows:

a.      **A brief statement of the nature of the case, including the contentions of the parties.**

Plaintiff - This is chiefly a breach of contract and breach of fiduciary duty case in which Plaintiff and Defendants assert competing breach of contract claims against one another.  Plaintiff contends that Defendants breached the parties' agreements by, *inter alia*, failing to turn over existing and new accounts to Plaintiff and by diverting Plaintiff's customers to Defendants. Plaintiff further contends that Defendant Hamon owed it a fiduciary duty to refrain from, *inter alia*, self dealing and breached various fiduciary duties by diverting business away from Plaintiff for the exclusive benefit of himself.

Defendants - This is a breach of contract case. Defendant Hamon, a former member of the British and New Zealand SAS, has a successful security business specializing in foreign extractions of individuals, security for high net-worth individuals, and security at foreign installations. Centuria, in contrast, specializes in static security, i.e., security guards stationed at locations and sites within the U.S. Mr. Hamon was approached by Centuria to work with Centuria to secure contracts with 3rd parties for foreign assignments. Plaintiff contracted with Regiment for Plaintiff to lease an office in New York and appropriately staff it, provide housing in New York for Mr. Hamon, and assist him in securing foreign assignments. However, Centuria breached its contractual commitments by failing to secure a New York office and staff it, in failing to have adequate resources to fulfill contractual requirements overseas, and failing to pay severance to Mr. Hamon upon his unilateral termination by Plaintiff. Moreover, Defendants deny that they diverted business from Plaintiff to their benefit or in failing to turn over existing and/or new accounts.

b.      **The status of settlement discussions (excluding any discussion of amounts)**

The parties have not yet engaged in specific settlement discussions related to claims for monetary and injunctive relief, but are working toward agreements on peripheral issues.

c.      **Possible joinder of additional parties.**

It is possible that Plaintiff will join additional parties depending on the results of discovery requests.

d.      **Any anticipated challenges to jurisdiction or venue.**

All challenges to jurisdiction and venue have been made.

e.      **Date by which the case will be ready for trial and estimated length of trial.**

The parties anticipate this case will be ready for trial in approximately October 2012 and that trial will require 3-4 days.

**f.      The desirability of ADR, and the timing of ADR**

The parties believe ADR will be productive at or near the close of discovery.

**g.      Any objections to disclosure under Rule 26(a)(1).**

26(f)(3)(A): the parties agree that disclosure under Rule 26(a)(1) should be due on December 5, 2011.

26(b)(f)(3)(B): the parties agree that discovery will be taken on the relationship between the parties, the contracts at issue, alleged breaches thereof, and the parties' interest in various customers and potential customers.

26(b)(f)(3)(C): there are no issues with electronic discovery.  The parties agree to attempt to preserve electronic information.  The parties further agree to produce documents in native format if it still exists in that format.

26(b)(f)(3)(D): the parties agree to negotiate an Agreed Protective Order including a claw-back clause for inadvertently produced privileged materials and multiple tiers for additional protection of highly confidential information.

26(b)(f)(3)(E): the parties agree not to make any changes to the limitations on discovery.

26(b)(f)(3)(F): the parties do not request additional orders at this time.

Defendant has no objections to disclosure under Rule 26(a)(1) but the parties have mutually agreed to a Confidentiality or Non-Disclosure agreement since the nature of the business and identity of clients requires confidentiality.

Dated: November 1, 2011.                              Respectfully submitted,


                                                By: /s/ Katherine B. Bandy
                                                    Darin M. Klemchuk
                                                    State Bar No. 24002418
                                                    James E. Davis
                                                    State Bar No. 05504200
                                                    Katherine B. Bandy
                                                    State Bar No. 24045445

                                                    KLEMCHUK KUBASTA LLP
                                                    8150 N. Central Expressway, 10th Floor
                                                    Dallas, Texas 75206
                                                    214.367.6000
                                                    214.367.6001 (facsimile)
                                                    darin.klemchuk@kk-llp.com
                                                    jim.davis@kk-llp.com
                                                    katherine.bandy@kk-llp.com
                                                    docketing_kkllp@me.com

                                                    ATTORNEYS FOR CENTURIA, INC.


                              CERTIFICATE OF SERVICE

        I hereby certify that I have on November 1, 2011, electronically filed the foregoing with the
Clerk of court using CM/ECF system, which will send notification of such filing to the following
person(s) via email:


William A. Smith
SMITH & DAVIS, PLLC
10440 N. Central Expressway
Suite 1295
Dallas, Texas 75231

ATTORNEY FOR DEFENDANTS


                                                /s/ Katherine B. Bandy
                                                Katherine B. Bandy