CENTURIA, INC.,

                      Plaintiff,

REGIMENT SECURITY, LLC, ET AL,

                      Defendant.

_____/

CLERK US DISTRICT COURT
NORTHERN DIST. OF TX
FILED
2011 NOV 22 PM 1:05
DEPUTY CLERK_____

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

Case Number: 3:11-CV-2500-N N.D. TEX

## Affidavit of Service

Received By Magic Process, LLC on the **14th day of November, 2011 at 11:40 AM** from SPECIAL DELIVERY SERVICE, INC, 5470 L.B.J. FREEWAY, DALLAS, TX, 75240 to be served upon **DONNA SMITH**, at:

[ ] **RESIDENTIAL:**    424 E. CENTRAL BLVD, STE 514, ORLANDO, FL, 32801

[ ] **OTHER:** _____

I, _GW McCaul_____, being duly sworn, depose and say that on the _14th_ day of _Nov_, 20_11_ at _3:05_ AM / (PM) I executed service by delivering a true copy of the SUBPOENA IN A CIVIL CASE, EXHIBIT "A" by the following method in accordance with state statutes:

[ ] **INDIVIDUAL:**    Served the above named person.

[X] **SUBSTITUTE:**    By Serving _Andrew Turner_ as _Manager UPS Store_ authorized to accept service.

[ ] **CORPORATE:**    By Serving _____ as _____ authorized to accept service.

[ ] **GOV'T AGENCY:**    By Serving _____ as _____ authorized to accept service.

[ ] **POSTED:**    For the reasons listed in the comments below.

[ ] **OTHER:**    For the reasons listed in the comments below.

[ ] **NON-SERVED:**    For the reasons listed in the comments below.

Comments: _____

Based on inquiry of party served, defendant [ ] IS [ ] IS NOT in the military service of the United States of America.

I certify I am over the age of 18, have no interest in the above action, and am legal to serve process in this jurisdiction.

Sworn to and subscribed before me
this _11/14/11_.
[X] Personally Known
[ ] Produced ID
Type of ID _____

_Melissa Porritt_
Notary Public
State Of _FL_

(Sign/Print Name) _GW McCaul_   #7093 (ID Number)

5470 L.B.J. FREEWAY
DALLAS, TX 75240
Assignment Number: 2011008663
Service Fee: $_____



MELISSA D PORRITT
MY COMMISSION # EE111483
EXPIRES July 11, 2015
(407) 398-0153  FloridaNotaryService.com

Copyright © 2004-2008 New Wave Technologies Group, LLC – http://www.eProcesServer.com

## PROOF OF SERVICE

| | DATE | PLACE |
|---|---|---|
| SERVED | 11/14/11 3:05pm | SAME |

| SERVED ON (PRINT NAME) | MANNER OF SERVICE |
|---|---|
| ANDREW TURNER | MANAGER / UPS STORE |

| SERVED BY (PRINT NAME) | TITLE |
|---|---|
| G.W. McCandless | SPS # 7093 |

## DECLARATION OF SERVER

I declare under penalty of perjury under the laws of the United States of America that the foregoing information contained in the Proof of Service is true and correct.

Executed on  11/14/11  3:05pm
DATE

_[signature]_
SIGNATURE OF SERVER

1801 E. Colonial Dr. STE 105
ADDRESS OF SERVER

ORL FLA 32806

---

Federal Rule of Civil Procedure 45 (c), (d), and (e), as amended on December 1, 2007:

(c) PROTECTING A PERSON SUBJECT TO A SUBPOENA.
(1) Avoiding Undue Burden or Expense; Sanctions. A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The issuing court must enforce this duty and impose an appropriate sanction — which may include lost earnings and reasonable attorney's fees — on a party or attorney who fails to comply.
(2) Command to Produce Materials or Permit Inspection.
(A) Appearance Not Required. A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
(B) Objections. A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing or sampling any or all of the materials or to inspecting the premises — or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
(i) At any time, on notice to the commanded person, the serving party may move the issuing court for an order compelling production or inspection.
(ii) These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.
(3) Quashing or Modifying a Subpoena.
(A) When Required. On timely motion, the issuing court must quash or modify a subpoena that:
(i) fails to allow a reasonable time to comply;
(ii) requires a person who is neither a party nor a party's officer to travel more than 100 miles from where that person resides, is employed, or regularly transacts business in person — except that, subject to Rule 45(c)(3)(B)(iii), the person may be commanded to attend a trial by traveling from any such place within the state where the trial is held;
(iii) requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
(iv) subjects a person to undue burden.
(B) When Permitted. To protect a person subject to or affected by a subpoena, the issuing court may, on motion, quash or modify the subpoena if it requires:
(i) disclosing a trade secret or other confidential research, development, or commercial information;
(ii) disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party; or
(iii) a person who is neither a party nor a party's officer to incur substantial expense to travel more than 100 miles to attend trial
(C) Specifying Conditions as an Alternative. In the circumstances described in Rule 45(c)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:

(i) shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
(ii) ensures that the subpoenaed person will be reasonably compensated.

(d) DUTIES IN RESPONDING TO A SUBPOENA.
(1) Producing Documents or Electronically Stored Information. These procedures apply to producing documents or electronically stored information:
(A) Documents. A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
(B) Form for Producing Electronically Stored Information Not Specified. If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
(C) Electronically Stored Information Produced in Only One Form. The person responding need not produce the same electronically stored information in more than one form.
(D) Inaccessible Electronically Stored Information. The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.
(2) Claiming Privilege or Protection.
(A) Information Withheld. A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
(i) expressly make the claim; and
(ii) describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
(B) Information Produced. If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information to the court under seal for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

(e) CONTEMPT.
The issuing court may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena. A nonparty's failure to obey must be excused if the subpoena purports to require the nonparty to attend or produce at a place outside the limits of Rule 45(c)(3)(A)(ii).

<u>EXHIBIT "A"</u>

I. **Instructions**

    1.    Any document described herein is to be produced in its original form and in its original file folder, with all labels or similar markings intact, or organized and labeled to correspond to the categories identified in these requests. Any electronic or magnetic data, including any attachments, should be produced in its native format.

    2.    Any document described herein that is in your possession, control, or custody, or the possession, control, or custody of your agent, or attorney, or any other person acting on your behalf, pursuant to a contract with you or at your direction, is to be produced.

    3.    With respect to any document responsive to these requests for production that was, but is no longer, in your possession or subject to your control, or that of any agent, or attorney of yours or any other person acting on your behalf, pursuant to a contract with you or at your direction, or if such document no longer exists, identify whether such document is missing or lost, destroyed, transferred to another person or otherwise disposed of, and describe the last know date of its possession or control by you, any agent or attorney or any other person acting on your behalf, pursuant to a contract with you or at your direction and the circumstances of its disposition.

    4.    With respect to any document responsive to these requests withheld from production based on a claim of privilege or for any other reason, describe such document by date, type (e.g., memorandum, letter, note), author, addressee, recipients, general subject matter, and claimed grounds for non-production.

    5.    Each individual request herein shall be construed independently and not with reference to any other request for purposes of limitation.

## II. Definitions

1. "Documents" means all documents and things subject to discovery pursuant to Rule 26 of the Federal Rules of Civil Procedure including, but not limited to, all papers, books, accounts, drawings, graphs, charts, photographs, electronic or videotape recordings, data and data compilations, correspondence, memoranda, reports, tax returns, appraisals, agreements, financial statements (audited and unaudited), business plans, stock ledgers, corporate books, proxies, power of attorneys, personal notes, telefaxes, studies, calendars, diaries, desk calendars, appointment books, agendas, minutes, board packages, pamphlets, telephone messages, records of meetings, summaries or records of telephone conversations, summaries or records or personal conversations or interviews, summaries or records of meetings or conferences, tabulations, analyses, evaluations, projections, workpapers, statements, summaries, journals, billing records, and invoices. The term "document" is used in its broadest sense and includes graphic matter of any kind or nature, whether written, printed, typed, recorded, filmed, punched, transcribed, taped, produced or reproduced by any means. The term "document" is further defined to mean the original, any drafts and any nonidentical copies (i.e., those copies bearing notations or marks not found on the original).

2. "Communications" means documents that constitute communications, including, but not limited to, any transmittal of information, whether an original, a draft or a copy, whether stored in hard copy, electronically or digitally, either orally or in writing, such as correspondence, electronic mail, telexes, facsimile, transmissions, telecopies, recordings in any medium of oral communications, telephone and message logs, notes or memoranda relating to written or oral communications and any translation thereof.

3. "Person" means any natural person or any business, legal or governmental entity or association.

4. "Including" means including without limitation.

5. "Concerning" or "supporting" means concerning, relating to, referring to, responding to, connected with, commenting on, in respect of, about, regarding, discussing, showing, describing, mentioning, reflecting, analyzing, comprising, constituting, evidencing, and pertaining to, whether in whole or in part.

6. "All" and "each" shall be construed as all and each, as necessary to bring within the scope of this request any document or information that might otherwise be construed to be outside its scope.

7. "And" and "or" include the conjunctive or disjunctive sense, as necessary to bring within the scope of these requests any document or information that might otherwise be construed to be outside their scope.

8. All references to the singular include the plural, and all references to the plural include the singular, as necessary to bring within the scope of these requests any document or information that might otherwise be construed to be outside their scope.

9. "Centuria, Inc." means Centuria, Inc. and, where applicable, all of its parents, subsidiaries, predecessors, representatives, partners, affiliates, directors, officers, employees, agents, and any other person acting on behalf of, pursuant to a contract with or at the direction of Centuria, Inc.

10. "Regiment Security, LLC" means Regiment Security, LLC and, where applicable, all of its parents, subsidiaries, predecessors, representatives, partners, affiliates, directors, officers, employees, agents, and any other person acting on behalf of, pursuant to a contract with or at the direction of Regiment Security, LLC.

11. "All Pro Legal Investigations, P.A." means All Pro Legal Investigations, P.A. and, where applicable, all of its parents, subsidiaries, predecessors, representatives, partners, affiliates, directors, officers, employees, agents, and any other person acting on behalf of, pursuant to a contract with or at the direction of All Pro Legal Investigations, P.A.

12. "Donna Smith" means Donna Smith and anyone acting in concert with her or at her direction.

13. "Adam Hamon" means Adam Hamon and anyone acting in concert with him or at his direction.

14. "Xavier Project" means the potential security engagement in Tripoli, Libya.

15. "Mihi Advisory Group" means Mihi Advisory Group and, where applicable, all of its parents, subsidiaries, representatives, partners, affiliates, directors, officers, employees, agents, and any other person acting on behalf of, pursuant to a contract with or at the direction of Mihi Advisory Group.

16. "Mihi Private Investigation Service" means Mihi Private Investigation Service and, where applicable, all of its parents, subsidiaries, predecessors, representatives, partners, affiliates, directors, officers, employees, agents, and any other person acting on behalf of, pursuant to a contract with or at the direction of Mihi Private Investigation Service.

17. "Thomas Stutler" means Thomas Stutler and anyone acting in concert with him or at his direction.

18. "International Executive Protection" means International Executive Protection and, where applicable, all of its parents, subsidiaries, predecessors, representatives, partners,

3

affiliates, directors, officers, employees, agents, and any other person acting on behalf of, pursuant to a contract with or at the direction of International Executive Protection.

### III.    Requests for Production

1. All documents related to the Xavier Project.

2. All communications with Hamon and/or Regiment Security, LLC, regarding the Xavier Project.

3. All communications with any person or entity regarding or related to the Xavier Project.

4. All documents evidencing money exchanged related to the Xavier Project.

5. All documents evidencing money exchanged related to Hamon and/or Regiment Security, LLC.

6. All documents relating to accounts other than the Xavier Project in which Hamon and/or Regiment Security, LLC was in any way associated.

7. All communications with any person or entity relating to the Xavier project.

8. All communications with Hamon and/or Regiment Security, LLC related to Centuria.

9. All communications with anyone associated with the Xavier Project related to Centuria or Hamon and/or Regiment Security, LLC.

10. All contracts related to Hamon and/or Regiment Security, LLC.

11. All contracts related to Centuria.

12. All contracts related to Xavier.

13. All contracts with Mihi Advisory Group, Mihi Private Investigation Service, Thomas Stutler, and/or International Executive Protection.

14. All communications with Mihi Advisory Group, Mihi Private Investigation Service, Thomas Stutler, and/or International Executive Protection.

AO88 (Rev. 12/07) Subpoena in a Civil Case

Issued by the

# UNITED STATES DISTRICT COURT

Middle District of Florida

| Centuria, Inc. | **SUBPOENA IN A CIVIL CASE** |
|---|---|
| V. | |
| Regiment Security, LLC, et al. | Case Number:[1] 3:11-cv-2500-N N.D. Tex |

TO: Donna Smith
424 E. Central Blvd. Ste. 514
Orlando, FL 32801

☐ YOU ARE COMMANDED to appear in the United States District court at the place, date, and time specified below to testify in the above case.

| PLACE OF TESTIMONY | COURTROOM |
|---|---|
| | DATE AND TIME |

☐ YOU ARE COMMANDED to appear at the place, date, and time specified below to testify at the taking of a deposition in the above case.

| PLACE OF DEPOSITION | DATE AND TIME |
|---|---|

☑ YOU ARE COMMANDED to produce and permit inspection and copying of the following documents or objects at the place, date, and time specified below (list documents or objects):

See Exhibit A.

| PLACE First-Choice Reporting, 121 South Orange Avenue, Suite 800, Orlando, FL 32801 | DATE AND TIME 11/28/2011 10:00 am |
|---|---|

☐ YOU ARE COMMANDED to permit inspection of the following premises at the date and time specified below.

| PREMISES | DATE AND TIME |
|---|---|

Any organization not a party to this suit that is subpoenaed for the taking of a deposition shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf, and may set forth, for each person designated, the matters on which the person will testify. Federal Rule of Civil Procedure 30(b)(6).

| ISSUING OFFICER'S SIGNATURE AND TITLE (INDICATE IF ATTORNEY FOR PLAINTIFF OR DEFENDANT) | DATE |
|---|---|
| /s/ Katherine B. Bandy attorney for Plaintiff, Centuria, Inc. | 11/11/2011 |

ISSUING OFFICER'S NAME, ADDRESS AND PHONE NUMBER
Katherine B. Bandy, Klemchuk Kubasta LLP, 8150 N. Central Expressway, 10th Floor, Dallas, Texas 75206, 214-367-6000

(See Federal Rule of Civil Procedure 45 (c), (d), and (e), on next page)

---

[1] If action is pending in district other than district of issuance, state district under case number.