IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| CENTURIA, INC., § | | |
| § | | |
| Plaintiff, § | | |
| § | | |
| v. § | | Civil Action No. 3:11-CV-2500-N |
| § | | |
| REGIMENT SECURITY, LLC, *et al.*, § | | |
| § | | |
| Defendants. § | | |

# **ORDER**

This Order addresses Plaintiff and Counter-Defendant Centuria, Inc.'s ("Centuria") motion to dismiss Defendants' fraud and fraudulent inducement and tortious interference counterclaims [9] and Defendants and Counterclaimants Regiment Security, LLC ("Regiment") and Adam Hamon's ("Hamon") (collectively "Defendants") motion to amend counterclaims [17]. For the reasons that follow, the Court grants both motions.

### I. ORIGINS OF THE MOTION TO DISMISS

Centuria and Regiment are security service firms. Centuria alleges that Centuria and Regiment agreed that Centuria would service Regiment's security service accounts (the "Joint Venture"). Centuria alleges that Defendants were to transfer their entire book of business and run any new business through Centuria. Centuria was to pay Regiment a monthly consulting fee and Hamon a monthly base salary plus commission-based bonuses. Defendants contend that Centuria was also to lease, furnish, and outfit an office in New York City and provide living quarters to Hamon.

By August 2011, both Centuria and Defendants allege that the other had breached the contract. Centuria sued Defendants alleging that Defendants breached the contract and that Hamon breached his fiduciary duty. Defendants then asserted counterclaims alleging breach of contract, fraud, fraudulent inducement, negligent misrepresentation, and tortious interference. Centuria filed the instant motion to dismiss Defendants' tortious interference, fraud, and fraudulent inducement counterclaims under Federal Rules of Civil Procedure 8, 9(b), and 12(b)(6).

## II. THE COURT GRANTS CENTURIA'S MOTION TO DISMISS DEFENDANTS' COUNTERCLAIMS

### A. Rule 12(b)(6) Standard

When faced with a Rule 12(b)(6) motion to dismiss, the Court must determine whether the plaintiff has asserted a legally sufficient claim for relief. *Blackburn v. City of Marshall*, 42 F.3d 925, 931 (5th Cir. 1995). According to the Supreme Court, a viable complaint must include "enough facts to state a claim to relief that is plausible on its face" – i.e., "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence of [the claim or element]." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556, 570 (2007); *see also Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949-50 (2009). A plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555. "Factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* (internal citations omitted).

As the Supreme Court observed:

> Two working principles underlie our decision in *Twombly*. First, the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice. [*Twombly*, 550 U.S.] at 555 (Although for the purposes of a motion to dismiss we must take all of the factual allegations in the complaint as true, we "are not bound to accept as true a legal conclusion couched as a factual allegation" (internal quotation marks omitted)). Rule 8 marks a notable and generous departure from the hyper-technical, code-pleading regime of a prior era, but it does not unlock the doors of discovery for a plaintiff armed with nothing more than conclusions. Second, only a complaint that states a plausible claim for relief survives a motion to dismiss. *Id.* at 556. Determining whether a complaint states a plausible claim for relief will . . . be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. [*Iqbal v. Hasty*,] 490 F.3d 143, 157-158 [(2d Cir. 2007)]. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not "show[n]" – "that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2).
>
> In keeping with these principles, a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.

*Iqbal*, 129 S. Ct. at 1949-50.

In ruling on a Rule 12(b)(6) motion, the Court generally limits its review to the face of the pleadings, accepting as true all well-pleaded facts and viewing them in the light most favorable to the plaintiff. *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999).

### *B. Defendants Fail to State a Tortious Interference Claim*

In order to allege a tortious interference with prospective business relationships claim under Texas law, Defendants must allege facts that support each of the following elements: (1) a reasonable probability that Defendants and the prospective party would have entered

ORDER – PAGE 3

into a contractual relationship, (2) an independently tortious or unlawful act by Centuria that prevented the relationship from occurring, (3) that Centuria did such act with a conscious desire to prevent the relationship from occurring or that it knew that the interference was certain or substantially certain to occur as a result of its conduct, and (4) that Defendants suffered actual harm or damage as a result of Centuria's interference. *See Ash v. Hack Branch Distrib. Co.*, 54 S.W.3d 401, 414-15 (Tex. App. – Waco 2001, pet. denied). An independent tort in this context means that Centuria's "conduct [is] actionable under a recognized tort [theory]. . . . Conduct that is merely 'sharp' or unfair is not [enough]." *Id.* (citing *Wal-Mart Stores, Inc. v. Sturges*, 52 S.W.3d 711, 726 (Tex. 2001)).

Here, Defendants allege that they brought Centuria "numerous prospective clients" for the Joint Venture. Defs.' Original Countercl. 6 [6]. However, due to Centuria's "incompetence and other unreasonable conduct," *id.* at 3, the Joint Venture lost the opportunity to contract those prospective clients. Defendants allege that "Centuria appropriated the cellular telephone number assigned to Hamon in an effort to establish its own direct communications with potential clients generated by [Defendants] . . . [and] excluded [Defendants] from negotiations with [a prospective] client [while] attempt[ing] to secure such account for its own benefit . . . to the exclusion of [Defendants]." *Id.* at 3.

Defendants have not alleged conduct by Centuria that is independently actionable as a recognized tort. Additionally, Defendants have not alleged facts showing that there was a reasonable probability that the Xavier Project – the sole named prospective client – or other "numerous prospective clients" would have entered into contractual relationships with the

ORDER – PAGE 4

Joint Venture absent Centuria's interference. Accordingly, Defendants have failed to state a tortious interference claim. Because Defendants have failed to meet the Rule 12(b)(6) standard, the Court need not address Centuria's Rule 8 arguments. Thus, the Court dismisses Defendants' tortious interference claim.

### *C. Defendants Fail to State Fraud and Fraudulent Inducement Claims and Fail to Plead Those Claims With the Requisite Particularity*

In order to plead a fraud claim, Defendants must allege facts that show (1) Centuria made a material representation, (2) the representation was false, (3) when Centuria made the representation, Centuria knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion, (4) Centuria made the representation with the intent that Defendants should act upon it, (5) Defendants acted in reliance on the representation, and (6) Defendants thereby suffered injury. *Italian Cowboy Partners, Ltd. v. Prudential Ins. Co. of Am. & Four Partners, LLC*, 341 S.W.3d 323, 337 (Tex. 2011) (citing *Aquaplex, Inc. v. Rancho La Valencia, Inc.*, 297 S.W.3d 768, 774 (Tex. 2009) (per curiam)). In addition to the above factors, fraudulent inducement requires the existence of a contract. *Samson Lone Star, L.P. v. Hooks*, --- S.W.3d ---, 2012 WL 691584, at *12 (Tex. App. – Hous. [1st Dist.] 2012, no pet. h.) (citing *Coastal Bank SSB v. Chase Bank of Tex., N.A.*, 135 S.W.3d 840, 843 (Tex. App. – Hous. [1st Dist.] 2004, no pet.)).

Additionally, Rule 9(b) of the Federal Rules of Civil Procedure requires parties to state their allegations of fraud with particularity. FED. R. CIV. P. 9(b). "Pleading fraud with particularity in [the Fifth] [C]ircuit requires 'time, place[,] and contents of the false representations, as well as the identity of the person making the misrepresentation and what

[that person] obtained thereby." *Williams v. WMX Tech., Inc.*, 112 F.3d 175, 177 (5th Cir. 1997) (last alteration in original) (quoting *Tuchman v. DSC Commc'ns Corp.*, 14 F.3d 1061, 1068 (5th Cir. 1994)).  In essence, Rule 9(b) requires a party to state "the who, what, when, where, and how." *Id.* at 179.  "What constitutes 'particularity' will necessarily differ with the facts of each case." *Id.* (quoting *Guidry v. Bank of LaPlace*, 954 F.2d 278, 288 (5th Cir. 1992)).

Defendants allege that based on its desire to obtain access to Defendants' client contacts and trade secrets, Centuria (1) "falsely represented to [Defendants] . . . that Centuria would expend the funds necessary to lease, furnish, and outfit an office space in New York City . . . with such first class staff, furnishings and accoutrements necessary to make sales presentations to sophisticated corporations and individuals who were sought as clients," Defs.' Original Countercl. 2-3, and (2) induced Defendants to assign a client to them in exchange for a bonus for Hamon, and then later did not pay that bonus, *id.* at 4.  These facts alone are not enough to survive a Rule 12(b)(6) attack.  "The mere failure to perform a contract is not evidence of fraud." *Formosa Plastics Corp. USA v. Presidio Eng'rs & Contractors, Inc.*, 960 S.W.2d 41, 48 (Tex. 1998).  Defendants have not alleged any facts showing that the representations were material or that Centuria knew the representations were false when it made them (or that it was recklessly indifferent to their truth or falsity).

Additionally, the allegations fall far short of the "who, what, when, where, and how" required under Rule 9(b).  Who at Centuria made these representations?  When and where did these representations occur?  And, to whom were these representations made – Centuria,

Hamon, or both? Defendants refer to themselves throughout their pleading as one unit: "Centuria/Hamon." This is but one example of the lack of specificity in their counterclaim. Accordingly, the Court dismisses Defendants' fraud and fraudulent inducement counterclaims.

## CONCLUSION

Defendants failed to state a claim for tortious interference, fraud, and fraudulent inducement. Additionally, Defendants failed to plead fraud and fraudulent inducement with the requisite particularity. Accordingly, the Court grants Centuria's motion to dismiss Defendants tortious interference, fraud, and fraudulent inducement counterclaims. The Court grants Defendants leave to replead within twenty-one (21) days of the date of this Order.

Signed March 21, 2012.

_____
David C. Godbey
United States District Judge

ORDER – PAGE 7